1
2
3
4
5
6
                        IN THE DISTRICT COURT OF GUAM
7
8    JAMES J. ESPERON,                    )    CIVIL CASE NO. 20-00027
                                          )
9                    Petitioner,          )              **ORDER**
                                          )    1.  Granting Application to Proceed
10            vs.                         )        Without Prepaying Fees or Costs
                                          )    2.  Denying Motion to Appoint Counsel
11   DR. JOSEPH CARBULLIDO,              )                  and
                                          )    **REPORT AND RECOMMENDATION**
12                   Respondent.          )    to Dismiss Petition With Leave to Amend
                                          )
13   ────────────────────────────────────
14                                **ORDER**

15          The Petitioner, having exhausted local court appeals and post-conviction remedies, seeks

16   federal habeas relief pursuant to 28 U.S.C. § 2254.  Pending the court are the Defendant's

17   Application to Proceed Without Prepaying Fees or Costs (the "Application") and Motion for

18   Appointment of Counsel.  *See* ECF Nos. 2-3.  The court issues the following Order on the

19   Defendant's requests.

20   **1.    Application to Proceed Without Prepaying Fees or Costs**

21          On August 26, 2020, the Plaintiff, an inmate confined at the Guam Department of

22   Corrections ("DOC"), filed the Application to proceed without prepaying the $5.00 filing fee and

23   cost of service on the Defendant.  *See* ECF No. 2.

24          Based on a review of the Application, the Plaintiff is unemployed and the only income he

25   receives in his disability payments of $235, and he has no money in a checking or savings account.

26   *Id.* at 1.  The Application indicates the Plaintiff has three minor dependents (two daughters and one

27   son) and a credit card obligation of about $15,000.  *Id.* at 2.

28          The court finds that the Plaintiff has no assets and no means by which to pay an initial partial

1   filing fee.  The court further finds that the Plaintiff has sufficiently shown that he is unable to pay

2   the fees required to maintain this action The court grants the Application to proceed without

3   prepayment of fees, however, the court is required to assess the full amount of the filing fee and

4   orders the Plaintiff to pay the $5.00 fee when funds exist.  *See* 28 U.S.C. § 1915(b)(1).  *See also* 28

5   U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for

6   the reason that the prisoner has no assets and no means by which to pay the initial partial filing

7   fee.").

8   **2.      Motion for Appointment of Counsel**

9          On August 26, 2020, the Plaintiff filed a Motion for Appointment of Counsel, *see* ECF

10  No. 3, requesting that the court appoint an attorney to assist him in this case.  He contends that he

11  is "not familiar with certain legal proceedings" and that he needs "an investigator to obtain much

12  needed document to present to the court."  *Id.*

13         There is no right to have counsel appointed incases brought under 28 U.S.C. § 2254.  *See*

14  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the

15  first appeal of right, and no further").  Rule 8(c) of the Rules Governing Section 2254 Proceedings

16  for the United States District Courts only authorizes the court to appoint counsel when an

17  evidentiary hearing is required if a petitioner qualifies to have counsel appointed under 18 U.S.C.

18  § 3006A.  Under Section 3006A, the court may appoint counsel in Section 2254 proceedings if the

19  petitioner is a financially eligible individual and the court determines that "the interests of justice

20  so require" representation by counsel.  18 U.S.C. § 3006A(a)(2)(B).  Whether counsel should be

21  appointed is dependent on the petitioner's ability to articulate  his claims *pro se* in light of the

22  complexity of the legal issues involved and the likelihood of success on the merits.  *Weygandt v.*

23  *Look*, 718 F.2d 952, 954 (9th Cir.1983).

24         The court finds that the interests of justice does not require the appointment of counsel here

25  since the court is recommending that the Chief Judge dismiss the Petition without prejudice.  *See*

26  discussion *infra*.  Accordingly, the court denies the Petitioner's Motion for Appointment of Counsel

27  at this time.  If the Petitioner files an amended petition to correct the deficiency noted below, he may

28  renew his request for the appointment of counsel at that time.

**REPORT AND RECOMMENDATION**

Having reviewed the Section 2254 Petition, the court notes the Petitioner has named an improper party as the Respondent.

A petitioner for habeas corpus relief must name the state officer having custody of him as the respondent to the petition.  *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").  *See also Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994).  This person typically is the warden of the facility in which the petitioner is incarcerated.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992).  Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.  *Id.; Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989).

Here, the Respondent named in the Petition is not the warden of the DOC facility where the Petitioner is incarcerated.  The Petitioner has failed to name the correct individual as the Respondent, which deprives this court of personal jurisdiction over the Respondent.  Accordingly, the court recommends that the Chief Judge dismiss the Petition without prejudice and allow the Petitioner to file an amended petition.



**/s/ Michael J. Bordallo**
**U.S. Magistrate Judge**
**Dated: Feb 05, 2021**

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.  28 U.S.C. § 636(b)(1)(B).**