# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES J. ESPERON, | CRIMINAL CASE NO. 20-00027 |
| Petitioner, | |
| vs. | **ORDER** |
| JOSEPH CARBULLIDO, Director; ALAN P. BORJA, Warden, Department of Corrections (Guam), in their personal and individual capacities, | |
| Respondents. | |

Before the court are the following motions: (1) Renewed Motion to Appoint Counsel filed by Petitioner, ECF No. 6; (2) Motion to Dismiss filed by Respondents, ECF No. 10; and (3) Affidavit in Support of Subpoena Duces Tecum filed by Petitioner, ECF No. 13. For the reasons stated herein, the court **GRANTS** Respondents' motion to dismiss without prejudice and **DENIES as MOOT** Petitioner's renewed motion to appoint counsel and subpoena duces tecum.

In their motion to dismiss, Respondents argue that Petitioner has not exhausted the remedies available in the state courts. Mot. to Dismiss at 2, ECF No. 10. This court agrees with

Respondents. Section 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, Petitioner improperly filed a petition to the Supreme Court of Guam and as such, on April 10, 2020, the Supreme Court of Guam dismissed Petitioner's appeal. *See* ECF No. 1 at 21. The Supreme Court of Guam did not rule on the merits of the case. Rather, it cited *Borja v. Bitanga*, 1998 Guam 29 ¶ 12, explaining that "[p]etitioners do not have the right to appeal the denial of their petitions for habeas corpus, the right to appeal being granted by statute only to the government."

Under the Guam Rule of Appellate Procedure 25, "[w]hen the petitioner is seeking a writ of habeas corpus, the petitioner shall comply with the requirements of Title 8, Chapter 135 of the Guam Code Annotated. The petitioner must show why the petition has not been brought first in the Superior Court, or if such a petition has been brought, the decision on such a petition." Rule 25 further states that "*[n]either denial of the petition, without more*, nor an order of transfer under authority 7 GCA § 3108(c)(2), *is an adjudication on the merits*, and the former action is to be taken as without prejudice to a further application to any other court for the relief sought." (emphasis added).

Because Petitioner's appeal to the Supreme Court of Guam was not adjudicated based on the merits, Petitioner is not barred from pursuing his claims and filing an original petition for

writ of habeas corpus to the Supreme Court of Guam. Petitioner has clearly not exhausted all the remedies available to him in the state courts. Accordingly, the Petition before this court is **DISMISSED** without prejudice, and the motions for appointment of counsel and subpoena are **DENIED** as **MOOT**.

    **SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Sep 30, 2021**