# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES J. ESPERON, | CIVIL CASE NO. 20-00027 |
| Petitioner, | |
| vs. | **ORDER** |
| JOSEPH CARBULLIDO, Director; ALAN P. BORJA, Warden, Department of Corrections (Guam), in their personal and individual capacities, | |
| Respondents. | |

Before the court are the following motions: (1) Motion for Reconsideration, ECF No. 19; and (2) Motion to Reinstate Jurisdiction and Proceed with 2254 Writ, ECF No. 22. For the reasons stated herein, the court **DENIES** Petitioner's motion for reconsideration and **DENIES as MOOT** Petitioner's motion to reinstate jurisdiction.

A "motion for reconsideration" is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it is filed within twenty-eight days[1] from entry of judgment, as provided

---

[1] The motion for reconsideration was filed 34 days later. However, the court will nonetheless construe the motion

for under said rule. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). The Ninth Circuit has held that relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore *et al.*, *Moore's Federal Practice* § 59.30[4] (3d ed. 2000). A Rule 59(e) motion "may not be used to relitigate the same matters already determined by the court." 12 James Wm. Moore *et al.*, *Moore's Federal Practice* § 59.30[6] (3d ed. 2015).

Civil Local Rule of Practice ("CVLR") 7(p) also provides that a motion for reconsideration is generally disfavored and may only be made on the following grounds: "(A) a material difference in fact or law from that represented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (B) the emergence of new material facts or a change of law occurring after the time of such decision, or (C) a manifest showing of a failure to consider material facts presented to the Court before such decision."[2] CVLR 7(p).

Petitioner has not met any of the grounds for reconsideration as provided for in either Rule 59(e) or CVLR 7(p). Previously, this court granted Respondents' motion to dismiss on the basis that Petitioner had not exhausted available remedies in the state courts. Order, ECF No. 16; *see also* 28 U.S.C. 2254(b)(1)(A). Specifically, the court found that Petitioner had improperly filed a petition to the Supreme Court of Guam, which the Supreme Court of Guam dismissed *without* ruling on the merits of the case. *Id.* (emphasis added). Because Petitioner's appeal to the Supreme Court of Guam was not adjudicated based on the merits, Petitioner is still not barred

---

under Rule 59(e).

[2] The Ninth Circuit provides similar grounds such as to correct manifest errors of law or fact upon which the judgment rests; to present newly discovered evidence or previously unavailable evidence; to prevent manifest injustice; or to take account of an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

from pursuing his claims and filing an original petition for writ of habeas corpus to the Supreme Court of Guam. *Id.*, *see also* Guam Rule of Appellate Procedure 25.

Petitioner now argues that he has shown "further proof that [he has] exhausted all avenues in local court." Mot. at 1, ECF No. 19. Specifically, Petitioner states that he submitted his second attempt to petition the Supreme Court of Guam, which denied the request "once on reconsideration and twice through petition." *Id.* This information is not new material facts; it existed (and the court had considered it) when this court made its initial ruling. *See* Pet. at 2-6, ECF No. 1.

Moreover, Petitioner argues that because there is "no known available remedies for a pro se petitioner or specific forms to fill out much like the 2254 application[,] [i]t is only consistent to common practice to 'appeal' which is known to pro se petitioners, after a denial." Mot. at 1, ECF No. 19. Exhaustion of available remedies is a requirement under Section 2254(b)(1)(A). To ask for reconsideration from this court on the basis that there are no "known available remedies . . . or specific forms" and without any new material facts or change in law or evidence of this court's failure to consider material facts, do not meet the requirements for reconsideration.

Petitioner argues that "new discovery evidence" reveals that he has been prejudiced.[3] Mot. at 2-3, ECF No. 19. *See* CVLR 7(p)(1). However, such allegedly new evidence does not operate in the context of this *motion for reconsideration*, which requires Petitioner to show that he has exhausted available remedies in the state courts. He has not. As stated above and in this court's previous Order, ECF No. 16, Petitioner's appeal to the Supreme Court of Guam was not adjudicated based on the merits. As a result, Petitioner is not barred from pursuing his claims and filing an original petition for writ of habeas corpus to the Supreme Court of Guam.

---

[3] This alleged "new discovery evidence" ranges from an "alibi defense" to "the local Habeas Court [sic] inventing tactical and strategical defense [sic] which [Petitioner's] trial attorney never testified to or any citation from any record revealing such action..." Mot. at 2-3, ECF No. 19.

For the foregoing reasons, the court **DENIES** Petitioner's motion for reconsideration, ECF No. 19.

Moreover, Petitioner's motion to "reinstate jurisdiction" is simply a recharacterized version of his motion for reconsideration. Indeed, the court considered whether to vacate its original Order, ECF No. 16, and reinstate its jurisdiction over this case. This court is prohibited from exercising jurisdiction so long as Petitioner has not exhausted available remedies in the state courts. Accordingly, Petitioner's motion to reinstate jurisdiction is **DENIED** as **MOOT**.

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Jul 06, 2022**