**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JAMES J. ESPERON, | CIVIL CASE NO. 20-00027 |
| Petitioner, | |
| vs. | **ORDER** |
| JOSEPH CARBULLIDO, Director; ALAN P. BORJA, Warden, Department of Corrections (Guam), in their personal and individual capacities, | |
| Respondents. | |

Before the court are the following motions: (1) Motion to Appoint Counsel, ECF No. 32; and Motion to Resume Jurisdiction After Exhausting Remedies in Local Courts, ECF No. 33. For the reasons stated herein, the court **DENIES** both motions.

On September 30, 2021, the court dismissed the above-captioned matter due to Petitioner's failure to exhaust all remedies available to him in the state courts. *See* Order, ECF No. 16. Less than two months after the court's ruling, on November 3, 2021, Petitioner filed a motion for reconsideration. *See* Mot., ECF No. 19. That motion was denied because Petitioner

did not meet any of the grounds for reconsideration as provided for in either Fed. R. Civ. P. 59(e) or Civil Local Rule of Practice 7(p). *See* Order, ECF No. 29. On May 17, 2023, Petitioner filed the instant motions.

In the instant Motion to Resume Jurisdiction, Petitioner informs the court that he filed a Writ of Habeas Corpus with the Supreme Court of Guam and that he "has received continued unfair prejudice in that the Guam Supreme Court did not fully adjudicate on the merits and denied the petition for procedural missteps and legal inaccuracies." Pet. at 1, ECF No. 33. Based on this statement alone, it appears that Petitioner has not exhausted all remedies available to him in the state courts.[1] "…[E]xhaustion of state remedies is required as a *prerequisite* to consideration" of a federal habeas claim. *Pitchess v. Davis*, 421 U.S. 482, 487 (1975) (emphasis added). Even assuming *arguendo* that he has now met such prerequisite, the court agrees with Respondents that exhaustion must be completed before filing a lawsuit, citing *Mlaska v. Shah*, 428 Fed.Appx. 642 (7th Cir. 2011). *See* Opp'n at 2, ECF No. 34.

Because Petitioner did not meet this prerequisite at the time he filed his petition, the court dismissed the case. If Petitioner believes he has now exhausted all remedies available to him in the state courts, Petitioner may file a new petition. The court warns Petitioner, however, that in the event he files a new petition and he still has not exhausted his state court remedies, the court will dismiss the case *with prejudice*. *See Slack v. McDaniel*, 529 U.S. 473 (2000) ("Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust [his remedies] before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice.").

---

[1] *See* Order dated September 30, 2021, ECF No. 16, explaining that because Petitioner's appeal to the Supreme Court of Guam was not adjudicated based on the merits, Petitioner is not barred from pursuing his claims and filing an original petition for writ of habeas corpus to the Supreme Court of Guam. Therefore, Petitioner has not exhausted all remedies available to him in the state courts.

The motion to resume jurisdiction is **DENIED**, and the motion to appoint counsel is **DENIED** as **MOOT**.

    **SO ORDERED.**

    /s/ **Frances M. Tydingco-Gatewood**
         **Chief Judge**
    **Dated: Oct 05, 2023**